UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICIA SOVA,

    Plaintiff,

v.

A & D CHARITABLE FOUNDATION, INC.
d/b/a GREAT LAKES PACE,

    Defendant.
_____/

Case No. 23-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

**PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, PATRICIA SOVA, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant A & D CHARITABLE FOUNDATION, INC. doing business as GREAT LAKES PACE, stating as follows:

**COMMON ALLEGATIONS**

1.    That Plaintiff is a resident of the County of Saginaw, State of Michigan

and is otherwise domiciled in the State of Michigan.

2. That Defendant is a domestic nonprofit corporation authorized to conduct business and having its principal place of business in the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

3. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

4. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. That on or about July 19, 2021, Defendant hired Plaintiff to work as a Transportation Scheduler.

6. That in August 2021, Defendant provided Plaintiff a four dollar ($4.00) per hour raise.

7. That Defendant would typically have two Transportation Schedulers employed at any given time.

8. That in November 2021, the other Transportation Scheduler employed by Defendant left her employment.

9. That Plaintiff successfully worked the position by herself until March 2022.

10. That at all times material hereto, Plaintiff performed her job duties in a satisfactory and/or an above-satisfactory manner.

11. That on or about September 29, 2022, Plaintiff reported to Defendant that she would need to undergo surgery on December 29, 2022, and would need approximately six (6) to eight (8) weeks.

12. That on or about September 30, 2022, Plaintiff made a request for a leave of absence under the Family and Medical Leave Act for her own serious health condition after the upcoming surgery.

13. That on or about November 7, 2022, Plaintiff notified Sheryl Bivins, Director of Human Resources, that her surgery date had been moved up to November 15, 2022.

14. That on said date, Plaintiff completed an updated request form for FMLA leave, indicating her expected return to work date would be January 10, 2023.

15. That on or about November 15, 2022, Defendant provided Plaintiff a Notice of Eligibility and Notice of Rights and Responsibilities, indicating Plaintiff was eligible for FMLA-qualifying leave for her own serious health condition.

16. That on or about November 19, 2022, Steven Hermiz, M.D. completed a Certification of Health Care Provider, which was subsequently submitted to Defendant.

17. That on or about January 4, 2023, Plaintiff obtained a note from

Covenant Plastic Surgery Saginaw, indicating that Plaintiff could return to work as of January 10, 2023 without restrictions.

18. That on or about January 13, 2023, Plaintiff returned to work.

19. That while Plaintiff was on said medical leave of absence, her supervisor was replaced by Sherina Turner.

20. That upon returning to work, Plaintiff noticed a change in how her coworkers treated her, being nasty towards Plaintiff and failing to train her on new software.

21. That said change in behavior towards Plaintiff signaled Defendant was retaliating against her for taking FMLA-qualifying leave.

22. That on or about January 30, 2023, Plaintiff learned from Ms. Turner that the other Transportation Scheduler would now be attending morning meetings; Plaintiff complained that she was instructed to attend those meetings prior to going out on FMLA-qualifying leave and now it was changing once Plaintiff had come back from leave.

23. That Plaintiff was complaining that Defendant was retaliating against her after taking an FMLA-qualifying leave.

24. That on or about February 10, 2023, Plaintiff was called into a meeting with David Benjamin, Program Director, Ms. Bivens, Melissa Zolinski of Human Resources, and Ms. Turner.

25. That Plaintiff was told that she needed to change her "attitude" without context or explanation.

26. That Defendant was purposefully using a vague and amorphous word to create a justification for further retaliation and adverse employment action.

27. That on or about February 22, 2023, Plaintiff was called into a conference room with Ms. Zolinski and Ms. Turner.

28. That Plaintiff was handed a document, entitled "Notice of Termination of Employment."

29. That the document provided that Plaintiff was terminated on said date and signed by Ms. Zolinski and Ms. Turner.

30. That Plaintiff questioned why she was being terminated and was told "it wasn't working out," or words to that effect.

31. That Defendant failed to provide Plaintiff with a legitimate, nondiscriminatory reason for terminating her employment.

32. That any reason proffered by Defendant after-the-fact is pretextual in nature.

33. That any reason proffered by Defendant after-the-fact is either not based in fact, did not actually motivate the decision, and/or did not warrant the action taken.

34. That Defendant's actions constitute retaliation in violation of the

Family and Medical Leave Act.

35. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and/or life insurance benefits, short-term and long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits provided by Defendant along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

36. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

37. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

    (a)    Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the Act;

    (b)    The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

  (c) An additional amount as liquidated damages equal to the above two sums;

  (d) Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

  (e) Any such equitable relief as may be appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – RETALIATION IN VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

38. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 37 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

39. That Congress enacted the Family and Medical Leave Act, finding "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods of time." 29 U.S.C. § 1601(a)(4).

40. That to that end the Family and Medical Leave Act entitles eligible employees to take up to twelve (12) weeks of leave during a twelve (12) month period if the employee has a serious health condition that prevents the employee

from performing the functions of her job. *Hunter v. Valley View Local Schs.*, 579 F.3d 688, 690 (6th Cir. 2009); 29 U.S.C. § 2612(a)(1)(D).

41. That at all times material hereto, Defendant was a covered employer as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.104.

42. That at all times material hereto, Plaintiff was an eligible employee as defined by the FMLA and the applicable federal regulations and was otherwise entitled to take FMLA-qualifying leave. 29 C.F.R. § 825.110.

43. That at all times material hereto, Plaintiff suffered from a "serious health condition" as defined by the FMLA and the applicable federal regulations. 29 C.F.R. §§ 825.113, 825.115.

44. That Plaintiff provided Defendant adequate notice of her need to take FMLA-qualifying leave.

45. That the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise or attempt to exercise any rights protected under the Act. 29 U.S.C. § 2615(a)(1).

46. That said prohibition against interference further prohibits an employer from discriminating or retaliating against an employee for having exercise or attempted to exercise FMLA rights. 29 C.F.R. § 825.220(c).

47. That Defendant interfered with, restrained, or denied Plaintiff the exercise of or attempted exercise of her rights under the Act by discriminating or

8

retaliating against her for taking FMLA-qualifying leave.

48. That Plaintiff engaged in activity protected by the FMLA by taking an FMLA-qualifying leave of absence. *See Bryant v. Dollar General Corp.*, 538 F.3d 394 (6th Cir. 2008).

49. That at all times material hereto, Defendant was aware and had knowledge of Plaintiff's protected activity.

50. That Defendant took materially adverse employment action against Plaintiff, including, but not limited to, terminating her employment.

51. That a causal connection exists between Plaintiff's protected activity and the materially adverse employment action.

52. That a causal connection is demonstrated, at least in part, by the close temporal proximity between Plaintiff's exercise of FMLA rights and Defendant's termination of her employment.

53. That Defendant failed to provide Plaintiff with a legitimate, nondiscriminatory reason for terminating her employment.

54. That any reason proffered by Defendant after-the-fact is pretextual in nature.

55. That any reason proffered by Defendant after-the-fact is either not based in fact, did not actually motivate the decision, and/or did not warrant the action taken.

56. That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

57. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and/or life insurance benefits, short-term and long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits provided by Defendant along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

58. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

59. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

    (a) Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the Act;

  (b)  The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

  (c)  An additional amount as liquidated damages equal to the above two sums;

  (d)  Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

  (e)  Any such equitable relief as may be appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

            Respectfully submitted,
            THE MASTROMARCO FIRM

Dated: June 29, 2023  By: */s/ Victor J. Mastromarco, Jr.*
            VICTOR J. MASTROMARCO, JR. (P34564)
            KEVIN J. KELLY (P74546)
            Attorneys for Plaintiff
            1024 N. Michigan Avenue
            Saginaw, Michigan 48602
            (989) 752-1414
            vmastromarco@mastromarcofirm.com
            kkelly@mastromarcofirm.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, PATRICIA SOVA, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

                                          Respectfully submitted,
                                          THE MASTROMARCO FIRM

Dated: June 29, 2023        By:    */s/ Victor J. Mastromarco, Jr.*
                                             VICTOR J. MASTROMARCO, JR. (P34564)
                                           KEVIN J. KELLY (P74546)
                                           Attorneys for Plaintiff
                                           1024 N. Michigan Avenue
                                           Saginaw, Michigan 48602
                                           (989) 752-1414
                                           vmastromarco@mastromarcofirm.com
                                           kkelly@mastromarcofirm.com